And we will hear argument next in Pencikowski v. Aerospace. Counsel, you may proceed. Thank you, Your Honor. Alan Steinbrecher on behalf of the appellant, Paul Pencikowski. And I would like two minutes reserved, please. May it please the Court. Appellant Pencikowski was terminated by a respondent at the Aerospace Corporation in late February of 2007. On November 13, 2007, nine months later, he brought two state court claims arising from that termination. One for breach of the employment contract, and a second for wrongful termination in violation of public policy. The Aerospace Corporation removed, based on Labor Management Relations Act Section 301 preemption because of the existence of a collective bargaining agreement. The district court denied remand, found that the wrongful termination claim as pled was a claim for wrongful termination in violation of the collective bargaining agreement, not public policy, found a six-month statute of limitation that applied to both claims, and dismissed without leave to amend since the complaint had been filed more than six months after the six-month statute of limitations that the court adopted. To reach this result, the district court committed several errors. First, it incorrectly applied the six-month statute of limitations instead of the analogous state statute of limitations, and it dismissed without leave to amend. Well, let's take that particular point first. I'm having trouble looking at the Cook case as compared to the Hoosier case. If I read them correctly, Cook would point toward the six-month statute, whereas Hoosier would point to the state statute in presumably a six-year or maybe it's some other, but it would be well beyond the six months. Help us sort that out. Hoosier started the line of cases and case authority that gets us to an analysis of the six-month versus longer statute of limitation. Hoosier established or correctly restated some earlier case law that when a federal legislation does not have a statute of limitation, the courts most typically will borrow from the most analogous state court statute of limitation. Hoosier found that there was no statute of limitation in the Labor Management Relations Act and certainly not in Section 301. Therefore, it looked to the Indiana statutes to determine what was the most analogous state cause of action statute of limitation. In that case, there were actually two. One was for breach of oral contract. The other was for a breach of written contract. The exception to that general rule was established in Del Casquelo, which was a hybrid action brought by an employee against both the company, the employer, for wrongfully terminating him or breaching the employment contract, and second, against the union for not providing fair representation. In that case, the Del Casquelo court, United States Supreme Court case, said, wait a minute, we can't just automatically borrow the state statute because there is this second kind of unfair labor practices allegation that's part of the complaint in Del Casquelo. It comes out of the CBA. Pardon me? It comes out of the collective bargaining agreement. It comes out of the collective bargaining agreement because the employee in Del Casquelo claimed, I didn't win my case for the breach of the employment contract because my union engaged in bad acts, whatever the bad acts were. And the Supreme Court did not want to extend the longer statute of limitations when there was an interest in the federal system for having fairly quick adjudication of employment, excuse me, unfair labor representation. But is your argument that this is really like a hybrid? The Del Casquelo case was a hybrid. The Del Casquelo case dealt only with that situation. The Del Casquelo case made certain that it emphasized that this was a narrow exception to the general rule of borrowing under Labor Management Relations Act. In fact, And you're suggesting that's primarily because the union was a defendant and the issue there came right out of the agreement, the collective bargaining agreement? Not just because of the existence of a collective bargaining agreement, but because the employee claimed that the union did not discharge its obligation to fairly represent him, in addition to the second claim of breach of employment. Can you say with respect to this case that we'll never have to go to the language of the collective bargaining agreement that's just so poorly on the side? Our claim that the preemption was improperly found really rests on the distinction that we would make under the facts of this case regarding the collective bargaining agreement. There is a collective bargaining agreement, and it does create the right to termination only for just cause. We believe that if we had been allowed to develop the facts of this case better at the district court level, we could create an exception to the preemption issue with those greater facts, that is, other contracts beyond the CBA and so forth. But your complaint relies on the collective bargaining agreement. There is no question, Your Honor, that there is a collective bargaining agreement, and it does provide that just cause termination provision. If you're correct about the statute of limitations, I mean, I suppose it matters to you, but why does it matter to you if the suit proceeds in federal court? We're dismissed out of federal court at this point because of the statute of limitations. I understand that. That's my question. If we were to agree with you about the statute of limitations but not about preemption, why would that be harmful to you? Well, we believe that the remedies are different at the state court level for breach of employment contract, not as limited as they are under Labor Management Relations Act. So there is a difference in the types and amount of damages that Mr. Pensakowski could conceivably recover at the state level as opposed to the federal level. I want to return to the admonitions in Del Costello. We stress, quote, we stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action. We do not mean to eschew use of state limitations periods any time state law fails to provide a perfect analogy. We resort to state law remains the norm for borrowing of limitations periods. That's Del Costello at page 171. In this case, Mr. Pensakowski does not allege any wrong action by his union, no breach of the duty of fair representation or otherwise. This is simply two claims, one for breach of employment agreement and second for wrongful termination in violation of public policy. No implication of the union at all. It is not a high-rate claim. It does not come within Del Costello, and therefore the proper statute of limitation for the district court to have borrowed would have been either the four-year statute of limitation for breach of written agreements in California, which is CCP 337, parent one, close parent, or if it was found that it was an oral agreement, the two-year statute of limitations in CCP section 339, parent one, and for the wrongful termination based on public policy claim, again a two-year statute of limitation pursuant to CCP 335, parent one, as established in Barton v. New, United Motors Manufacturing, Inc., 43 Calab 4, 1200, 1996 case. We also believe that the court improperly dismissed these cases without providing Mr. Pensakowski leave to amend either of his claims. First, the breach of employment contract claim so as to be able to plead and perhaps proceed in discovery to establish that he would be entitled to an exception from the general preemption doctrine. And second, from the wrongful termination claim to show that, in fact, this was a wrongful termination in violation of public policy. Thank you, counsel. Thank you. Good morning, Your Honors. May it please the Court, Patricia Ellis representing the appellee, the Aerospace Corporation. This is rather a very straight, simple, forward LMRA preemption case. The way that his complaint was drafted, the first cause of action was for breach. Well, you know, it wouldn't be here if it was that straightforward. And let's say you're right, it's an action under the CBA. Why shouldn't the state statute apply? It's not a hybrid. It's nothing against the union. So why should we treat the exception as the rule? Are you talking about the statute of limitations? Yes. In terms of what it is, in terms of Del Costello, Del Costello actually held that you could bring, that there could be an unfair labor violation practice against only the employer. And as a result, there can be a six-month statute of limitations as applicable to that. There's also been cases that are out there, including the Cook case, Cook v. I understand that Del Costello, it was also against the union, wasn't it? Del Costello was against both the union as well as the employer. Right. So that made it a hybrid. Well, that is true, Your Honor. This is not a hybrid. But the six-month statute of limitations does not. No, just a minute. It's not against the union. And therefore, the normal rule, as Del Costello says, go to the state. No, Your Honor. There's other. I respectfully disagree with that. There are other cases out there that say that. Let's stay with the Supreme Court. Very well. We've got Hoosier saying look at the state. We've got Del Costello saying in the case of a hybrid, use the six months. So aren't we bound to go to the state? I don't believe so, Your Honor. I believe there is still an Exception 301 six-month limitation argument there as it relates to the statute of limitations. All right. And your authority is not the Supreme Court. Well, in Del Costello, they actually made distinctions. Well, they said very clearly the norm is one thing. That's correct. But they've also said in that case that if there is another federal claim that is more analogous to the cause of action that's being alleged that the federal law will apply. Do you think a claim against the employer is analogous to one against the union? I believe that in light of the complaint in this case, which is a violation of the collective bargaining agreement, which is the first cause of action that was alleged, which was breach of written employment contract, and the only employment contract that existed in this case was the collective bargaining agreement, as a result that is an unfair labor practice charge against my client, the Aerospace Corporation, what is the more analogous statute that should be applied? There is a federal statute that's out there. Well, it's a contract case. The guy says, I had a contract, and you didn't live up to it. It's a straight-up contract case. He was not obliged to pursue that through a grievance if he – I mean, maybe he was, but he's not arguing about what the union did or didn't do. No, but that's correct. That is correct, Your Honor. However, the implications of what, in terms of the preemption argument of the Section 301 of the Elmer A is what's important here. Well, we're getting all mixed up between preemption and statutes of limitation. I thought we were still on statutes of limitation. Well, I think the two arguments go together. But stay with the statute. Okay. In terms of the statute of limitations, Del Costello actually said in there that you're not supposed to have a statute of limitations. Even though that may be the norm if the federal statute doesn't contain one. Well, I think we understand. Do you have any other authority except this interpretation? Well, there's other cases out there that have been – What do you mean? What are they? Well, there's other cases that have not been – What are the other cases? I'll cite them to you, Your Honor. One of them is a – A Ninth Circuit case. One case in this case is Cook v. Lindsay Olive Growers. Is this a Ninth Circuit – Ninth Circuit decision. Correct. What date is that? I think that's 1990, probably. 1990. 97? 90, 1990. And what does that hold? That case basically was not a hybrid action whatsoever. It was a claim that was brought by a husband and wife against their employer. The court found that their collective bargaining agreement, it was preempted by Section 301 of the LMRA and held that the six-month statute of limitations applied in that case. So as I understand it, your argument then is this is a binding authority. The Ninth Circuit has held the case against an employer is governed by the six-month statute. And there's also another Ninth – Wait a minute. Are you still on – Yes. All right. I just want to understand. Thank you. While you're still on Cook, isn't the underlying assumption in Cook that led to the conclusion that the six-month Federal statute applied, that all of the claims were preempted and this case was entirely under the Federal statute? Yes. And that is what the district court found in this case, was what the district court ruled on the first cause of action, which was breach of the written employment contract, that that was really a claim artfully pled in terms of the CBA, that the CBA would have to be interpreted and analyzed. And with regard to the second cause of action for wrongful culmination and violation of public policy, the district court found that the plaintiff had not cited any genuine public policy to support that claim. So it was nothing more than a breach of the collective bargaining agreement. So he basically preempted both claims under 301 of the LMRA and then applied the six-month statute of limitation to those claims. Is there any tension in your mind, you heard my questioning of Mr. Steinbrecher, between what Cook said and what Hoosier says? I believe that the cases that my esteemed colleague has cited in support of the hybrid and that the State statute should apply in every single of those cases that included Hoosier, NorCal, and I believe there's one other. In each of those cases, the party that was bringing the lawsuit was the union. It did not involve a lawsuit brought by an employee. And so I think what happened in those cases, the reason that they applied the State statute was because they said this is not like a violation of labor practices, because clearly the union is not going to be bringing that. This is more of an ordinary contract dispute, and as a result, we should look to the State statutes. But when I go back to Del Costello, which is talking about the hybrid case, in Del Costello, the court in Del Costello actually came out and said, if there is a Federal analogous statute that is more applicable to the claims, we will apply, we have no problem in turning against State law. And that actually is on page, that is 103, Supreme Court Reporter 2294. And the quote is, nevertheless, when a rule from elsewhere in Federal law clearly provides a closer analogy than available State statutes, and when the Federal policy is at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for lawmaking, we have not hesitated to turn away from State law. And they did that precisely because it was a hybrid suit involving a claim against the union for lack of fair representation. And there is no such claim under State law. But the lack of practicality and so forth and the more applicability was specifically because it was a hybrid, which we don't have here. Well, I believe, Your Honor, that it was more that they, that you can apply the six-month statute of limitations because the underlying claim here is a breach of a collective bargain agreement, which implicates a labor- Now, just a couple of pages before what you read, they're saying, unlike the claim in Hoosier, this has no close analogy in ordinary State law. They're talking about the direct, the challenge of fair representation. So I just, I don't see how you can unhitch that conclusion from what they were discussing in the pages before that conclusion. Well, as I indicated, there are other case law out there that have applied the section of six-month statute of limitations in cases that are not hybrid. And those have been in cases that have been subsequent to the Del Costello decision, one of which was Cook v. Lindsay Oliver, which is out of this Court. Another one was a case called Milne that was actually cited in the appellant's brief, and that site is 960 F. 2nd, 1401. And that was a 1991 case. And likewise, I would iterate that the difference that I see as being the issue here is that in this, in all the cases that they relied upon on the hybrid, you know, it was claims brought by unions, Del Costello did recognize that you should look at the federal analogous statute. And the cases of Hoosier really looked at the issue of the union bringing the suit as being a breach of contract action. And as a result, common under or basically the most common statute would be the common law statute for breach of contract. In this case, the underlying claim is an unfair labor practice in violation of the collective bargaining agreement, which has been preempted by section 301 of the LMRA. Why do you keep saying that a violation of a collective bargaining agreement is an unfair labor practice? They're two completely separate things. In Del Costello, they stated that it may be the case that alleged violations by an employer of a collective bargaining agreement will also amount to a unfair labor practice. Right. But they're two separate questions. The same act could be both. But it does not follow from that that every time an employer doesn't follow its contract, it's committed an unfair labor practice. That's not correct. No, that's correct. But in terms of the applicability to this particular case, that is exactly what he has alleged, that we did not follow the procedures outlined in the collective bargaining agreement. That's a breach of contract claim. Okay. And that we did not terminate him for or that we terminate him without just cause. That's another breach of contract claim. So I'm sorry. I just want to know. The same thing. Is there anything in the CBA that speaks to the standard that must be applied in terms of their state contract claims? I'm sorry. In terms of what the just cause for termination is or in the collective bargaining agreement? Do we have to go to the collective bargaining agreement to understand what just cause means? Yes. You do? Yes. And what's it going to tell us? It's going to tell us that just cause constitutes termination for unsatisfactory performance, failure to perform duties. It has an entire code section. It has an entire section under there that talks about termination for just cause. It has an entire section under there that talks about pursuing grievances. In this particular case, Mr. Pensakowski argued that we improperly placed him on what's called the 91 displaced status. The only place that that is contained is in the collective bargaining agreement. And, in fact, only the union employees at Aerospace are subject to a just cause termination. All other employees are only at will. So the only document that embodies a just cause termination is, in fact, the collective bargaining agreement. All right. Thank you, counsel. The case just argued will be submitted for decision. Yes. You used all your you may have had about seven seconds. Well, sure. Use your seven seconds wisely. Thank you, Your Honor. I have several quick points. Number one, I believe I heard, and I may have been mistaken, counsel say that Del Costello was brought by the union. My reading of the case is that both of those combined cases were brought by employees. Second, Cook v. Lindsay Olivegrowers, the Ninth Circuit case, which has been cited as support for the six-month statute of limitations, is not precedential nor persuasive. The case simply adopted the district court holding without analysis, and the Ninth Circuit did not engage in any discussion of its rationale. Under Ninth Circuit law, where a decision assumes a point without discussion, analysis, or due consideration of alternatives, it does not bind future Ninth Circuit panels. That's ESXRAO v. Los Gatos-Saratoga Joint Union High School District, 484 Fed 2nd, 1232, footnote 1, Ninth Circuit, 2007. And, again, the court's silent exercise of jurisdiction does not create binding precedent, the NorCal case of 982-983. I would be happy to entertain any other questions about any of the other authorities that were cited, but they were all district court cases, either in California or elsewhere, and they're non-precedential. Thank you, counsel. Any questions? No questions. Thank you, counsel. The case just argued will be submitted for decision.
judges: Noonan, O'scannlain, Graber